IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DN LOOKUP TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1178 (LPS) |
| | ) |
| COX COMMUNICATIONS, INC. and | ) |
| COXCOM, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |

**DEFENDANTS COX COMMUNICATIONS, INC. AND COXCOM, INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO THE FIRST AMENDED COMPLAINT**

Defendants Cox Communications, Inc. and CoxCom, Inc. (collectively "Cox") file their Answer, Affirmative Defenses and Counterclaim to the First Amended Complaint [D.I. 12] of DN Lookup Technologies, LLC ("DN Lookup"), as follows:

**THE PARTIES**

1. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint.

2. Cox admits the allegations contained in Paragraph 2 of the First Amended Complaint.

**JURISDICTION AND VENUE**

3. Cox admits that DN Lookup purports to allege a claim for infringement of United States Patent No. 6,332,158 (the "'158 Patent") arising under the laws of the United States, 35 U.S.C. § 1 *et seq*. Cox admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Cox denies that it is infringing or has infringed the '158 patent and

otherwise denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

4. Cox admits that it is incorporated in Delaware and that this Court has personal jurisdiction over it. Cox otherwise denies the remaining allegations contained in Paragraph 4 of the First Amended Complaint.

5. Cox admits that venue in this district is proper.

## JOINDER

6. Cox admits that joinder of the Defendants is proper under 35 U.S.C. § 299. Cox otherwise denies the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7. Cox admits that joinder of the Defendants is proper under 35 U.S.C. § 299. Cox otherwise denies the remaining allegations Contained in Paragraph 7 of the First Amended Complaint.

## INFRINGEMENT OF U.S. PATENT NO. 6,332,158

8. Cox admits that the face of the '158 patent shows it is entitled "Domain Name System Lookup Allowing Intelligent Correction of Searches and Presentation of Auxiliary Information," and that it issued on December 18, 2001. Cox further admits that a copy of the '158 patent is attached as Exhibit A to the First Amended Complaint. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9. Cox denies that it is infringing the '158 patent and otherwise denies the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Cox admits that the filing and service of the First Amended Complaint provided Cox with knowledge of the '158 patent.  Cox denies that this knowledge is relevant to any issue in this case, including any allegation of willful infringement.  Cox denies that it is infringing the '158 patent and otherwise denies the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11.     Cox denies that it is infringing the '158 patent and otherwise denies the allegations contained in Paragraph 11 of the First Amended Complaint.

## PRAYER FOR RELIEF

Cox denies that DN Lookup is entitled to any of the requested relief.

## JURY DEMAND

DN Lookup's demand that all issues be determined by a jury trial does not state any allegation, and Cox is not required to respond.  To the extent any allegations are included in the demand, Cox denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

DN Lookup has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

DN Lookup does not have standing to bring this suit.

### THIRD AFFIRMATIVE DEFENSE

Cox has not infringed and is not infringing, either literally, under the doctrine of equivalents, directly, indirectly or in any other way, the '158 patent.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of the claims of the '158 patent are invalid under one or more provisions of Title 35, United States Code, including but not limited to sections 102, 103, and 112 of Title 35.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of DN Lookup's claims are barred by the doctrines of waiver, laches, acquiescence, and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

DN Lookup is estopped by virtue of prior art or the conduct and representations of the patentees during the prosecution of the '158 patent from asserting infringement by Cox.

**SEVENTH AFFIRMATIVE DEFENSE**

Cox incorporates by reference all affirmative defenses set forth by Charter Communications Inc., Charter Communications Holding Company, LLC, and Charter Communications Operating, LLC in C.A. No. 11-01177-LPS; OpenDNS, Inc., in C.A. No. 11-1179-LPS; Time Warner Cable Inc. and Time Warner Cable, LLC in C.A. No. 11-1180-LPS; Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications, Inc. in C.A. No. 11-1181-LPS; and Verizon Communications Inc. in C.A. No. 11-1185-LPS.

**COUNTERCLAIM**

Counterclaim Plaintiffs Cox Communications, Inc. and CoxCom, Inc. (collectively "Cox") assert the following Counterclaim against DN Lookup Technologies, LLC ("DN Lookup").

1. Cox seeks a declaration by this Court that the claims of United States Patent No. 6,332,158 (the "'158 patent") have not been infringed by Cox.

2. Cox also seeks a declaration by this Court that some or all of claims of the '158 patent are invalid.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.* This counterclaim arises under the patent laws of the United States. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## PARTIES

5. Cox Communications, Inc. and CoxCom, Inc. are Delaware corporations with a principal place of business at 1400 Lake Hearn Drive, Atlanta, GA 30319.

6. Plaintiff and Counterclaim Defendant DN Lookup is subject to jurisdiction because it is a Delaware limited liability company and has availed itself of this forum.

## COUNT I
**(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)**

7. DN Lookup has alleged in this action that Cox has infringed the '158 patent. Cox denies that it has infringed any claim of the '158 patent.

8. There is an actual, immediate, and justiciable controversy between the parties.

9. Cox is entitled to a declaration by this Court that it has not infringed and is not infringing, either literally, under the doctrine of equivalents, directly or indirectly, or in any other way, any claim of the '158 patent.

10. Cox is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
**(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)**

11. DN Lookup has alleged in this action that Cox has infringed the '158 patent. Some or all of the claims of the '158 patent are invalid.

12. There is an actual, immediate, and justiciable controversy between the parties.

13. Cox is entitled to a declaration by the Court rendering some or all of the claims of the '158 patent invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. Cox is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

WHEREFORE, Cox respectfully prays that the Court enter judgment:

1. Adjudging and declaring that Cox has not infringed and is not infringing any claim of the '158 patent;

2. Adjudging and declaring that some or all claims of the '158 patent are invalid;

3. Dismissing the Complaint and entering judgment for Cox;

4. Awarding Cox its costs, including attorneys' fees, in defending this action; and

5. Awarding Cox such other relief as the Court deems just and proper.

6. Declaring that Cox has not infringed and is not infringing any claim of the '158 patent, as requested by Count I of this Counterclaim;

7. Declaring some or all of the claims of the '158 patent invalid, as requested by Count II of this Counterclaim.

8. Awarding Cox its costs, including attorneys' fees, in connection with its Counterclaim; and

9. Awarding Cox such other relief as the Court deems just and proper.

### JURY DEMAND

Cox demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

John L. North
Jeffrey J. Toney
Jonathan K. Waldrop
Jonathan D. Olinger
KASOWITZ, BENSON, TORRES
  & FRIEDMAN, LLP
1360 Peachtree Street, N.E.
Suite 1150
Atlanta, GA 30309

February 27, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2012, I caused the foregoing to be electronically field with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that on February 27, 2012, I caused copies of the foregoing document to be served upon the following in the manner indicated:

Joseph James Farnan, III, Esquire                                         *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

James A. Jorgensen, Esquire                                               *VIA ELECTRONIC MAIL*
Michael E. Lee, Esquire
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
1800 Augusta Drive
Suite 250
Houston, TX 77057
*Attorneys for Plaintiff*

/s/ *Rodger D. Smith II*
Rodger D. Smith II (#3778)