UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DN LOOKUP TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., and COXCOM, INC.,<br><br>Defendants. | Civil Action No. 11-1178 (LPS)<br><br>JURY TRIAL DEMANDED |

## DN LOOKUP TECHNOLOGIES LLC'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff, DN Lookup Technologies LLC ("Plaintiff"), responds to the counterclaims of Cox Communications, Inc. and CoxCom, Inc. (collectively, "Defendants"), as follows:

1. Plaintiff admits that Defendants purport to seek a declaration by the Court that the claims of the '158 Patent have not been infringed by Defendants, but denies that Defendants are entitled to such a declaration or that this Court has subject matter jurisdiction over Defendants' counterclaims to the extent that they are directed to any unasserted claims of the '158 Patent. Other than expressly admitted, Plaintiff denies the allegations in Paragraph 1.

2. Plaintiff admits that Defendants purport to seek a declaration by the Court that some or all of the claims of the '158 Patent are invalid, but denies that Defendants are entitled to such a declaration or that this Court has subject matter jurisdiction over Defendants' counterclaims to the extent that they are directed to any unasserted claims of the '158 Patent. Other than expressly admitted, Plaintiff denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Plaintiff admits that Defendants purport to assert declaratory judgment counterclaims against Plaintiff, but denies that Defendants' counterclaims have any merit whatsoever or that subject matter jurisdiction lies to the extent of the counterclaims as pled by Defendants. Other than expressly admitted, Plaintiff denies the allegations in Paragraph 3.

4. Admitted.

## THE PARTIES

5. Admitted.

6. Admitted.

## FIRST COUNTERCLAIM (COUNT I)

### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

7. Plaintiff admits that it has alleged in this action that Defendants have been and are infringing the `158 Patent and that Defendants have denied that they have infringed any claim of the '158 Patent. Other than as expressly admitted, Plaintiff denies the allegations in Paragraph 7.

8. Plaintiff admits that an actual, immediate, and justiciable controversy exists between Plaintiff and Defendants as to infringement and validity of those `158 Patent claims that Plaintiff may assert against Defendants in this action, but denies that such a controversy exists as to any unasserted claims of the `158 Patent. Other than expressly admitted, Plaintiff denies the allegations in Paragraph 8.

9. Denied.

10. Denied.

## SECOND COUNTERCLAIM (COUNT II)

### (Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

11. Plaintiff admits that it has alleged in this action that Defendants have been and are infringing the '158 Patent. Other than as expressly admitted, Plaintiff denies the allegations in Paragraph 11.

12. Plaintiff admits that an actual, immediate, and justiciable controversy exists between Plaintiff and Defendants as to infringement and validity of those '158 Patent claims that Plaintiff may assert against Defendants in this action, but denies that such a controversy exists as to any unasserted claims of the '158 Patent. Other than expressly admitted, Plaintiff denies the allegations in Paragraph 12.

13. Denied.

14. Denied.

## PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to the relief requested in their prayer for relief. In addition, Plaintiff denies any allegation in Defendants' counterclaims not specifically admitted above, and Plaintiff re-alleges infringement, validity and damages, and denies any and all allegations in Defendants' counterclaims adverse to same.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment denying and dismissing Defendants' counterclaims, and that the Court enter judgment in favor of Plaintiff as requested in Plaintiff's complaint, as amended or supplemented.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and claims so triable.

DATED: March 19, 2012

Respectfully submitted,

**FARNAN LLP**

By: /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Joseph J. Farnan, III (Bar No. 3945)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

James A. Jorgensen (admitted *pro hac vice*)
Michael E. Lee (admitted *pro hac vice*)
**Lee, Jorgensen, Pyle & Kewalramani, P.C.**
1800 Augusta Drive, Suite 250
Houston, Texas 77057
Telephone: (832) 431-4060
Facsimile: (713) 568-9994
jjorgensen@ljpklaw.com
mlee@ljpklaw.com

Hemant H. ("Shashi") Kewalramani (admitted *pro hac vice*)
**Lee, Jorgensen, Pyle & Kewalramani, P.C.**
440 West 1st Street, Suite 205
Tustin, California 92780
Telephone: (714) 252-6611
Facsimile: (714) 602-4690
shashi@ljpklaw.com

**Attorneys for DN Lookup Technologies LLC**