IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DN LOOKUP TECHNOLOGIES LLC v. CHARTER COMMUNICATIONS, INC., ET AL. (1:11-CV-01177-LPS) | 1:11-cv-01177-LPS<br>1:11-cv-01178-LPS<br>1:11-cv-01179-LPS<br>1:11-cv-01180-LPS<br>1:11-cv-01181-LPS<br>1:11-cv-01185-LPS |
| DN LOOKUP TECHNOLOGIES LLC v. COX COMMUNICATIONS, INC., ET AL. (1:11-CV-01178-LPS) | |
| DN LOOKUP TECHNOLOGIES LLC v. OPENDNS, INC. (1:11-CV-01179-LPS) | |
| DN LOOKUP TECHNOLOGIES LLC v. TIME WARNER CABLE, INC., ET AL. (1:11-CV-01180-LPS) | JURY TRIALS DEMANDED |
| DN LOOKUP TECHNOLOGIES LLC v. COMCAST CORPORATION, ET AL. (1:11-CV-01181-LPS) | |
| DN LOOKUP TECHNOLOGIES LLC v. VERIZON COMMUNICATIONS, INC. (1:11-CV-01185-LPS) | |

## COORDINATED SCHEDULING ORDER

This 9th day of April, 2012, the Court having conducted initial Rule 16 scheduling and planning conferences in the above-styled causes pursuant to Local Rule 16.2(a) on April 5, 2012, and the parties having determined after discussion that the above matters cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within twenty-one (21) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders,

etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference except that the following due dates shall apply:

| | |
|---|---|
| Plaintiff's paragraph 4(a) disclosures: | 30 days from entry of this order; |
| Defendants' paragraph 4(b) disclosures: | 60 days from entry of this order; |
| Plaintiff's paragraph 4(c) disclosures: | 90 days from entry of this order; |
| Defendants' paragraph 4(d) disclosures: | 120 days from entry of this order. |

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, in each of the above-styled actions shall be filed on or before January 11, 2013.

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Fact Discovery Cut Off</u>. All non-expert discovery in these cases shall be initiated so that it will be completed on or before March 1, 2013.

    b. <u>Document Production</u>. Document production shall be substantially complete by November 20, 2012.

    c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for Plaintiff, and Defendants, collectively, except for those relating to authentication of documents.

    d. <u>Interrogatories</u>.

        i. Plaintiff is allowed to serve twenty (20) common interrogatories on each defendant group (namely, Comcast Defendants, Cox Defendants, Charter Defendants, Time Warner Cable Defendants, OpenDNS, and Verizon) and ten (10) individual interrogatories on each defendant group. All Defendants, collectively, are allowed to serve twenty (20) common

interrogatories on Plaintiff. Each defendant group is allowed to serve ten (10) individual interrogatories on Plaintiff.

        ii.      The Court encourages the parties to serve and respond to contention interrogatories early in these cases. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions</u>.

        i.      <u>Limitation on Hours for Fact Deposition Discovery</u>.

Plaintiff and Defendants, collectively, are each limited to a total 160 hours of taking deposition by oral examination of fact witnesses (including non-party witnesses, but excluding experts). The deposition of an inventor of the patent-in-suit shall not be subject to the Fed. R. Civ. P. 30(d)(1) limit of 1 day of 7 hours, but shall instead be limited to 2 days and 14 hours.

        ii.      <u>Limitation on Hours for Expert Deposition Discovery</u>.

Depositions of expert witnesses are limited to seven (7) hours per expert report submitted by an expert (opening or rebuttal, but not reply), except that to the extent that an expert report (opening or rebuttal, filed by either side) includes opinions on infringement, non-infringement, invalidity, or damages with respect to more than one defendant group's accused instrumentality/method, that expert's deposition may be up to seven (7) hours, plus two (2) hours for each additional defendant group addressed in the report.

        iii.     <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district, or at a place agreed upon by the parties. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 17, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 14, 2013. Reply expert reports from the party with the initial burden of proof are due on or before July 12, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall be completed by August 30, 2013.

    ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief

shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 21 days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order]

5

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On January 11, 2013, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes per side. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on

6

the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.  Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving these cases, on September 18, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and, on October 2, 2012, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging the lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on October 16, 2012. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11.  Claim Construction Briefing. The parties shall contemporaneously submit initial briefs on claim construction issues on November 16, 2012. The parties' answering/responsive briefs shall be contemporaneously submitted on December 14, 2012. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12.  Hearing on Claim Construction. Beginning at 1:00 p.m. January 8, 2013, or at the Court's convenience, the Court will hear argument on claim construction. The parties shall

notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 4, 2013. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

14. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. Pretrial Conference. On dates to be determined with respect to each of the above-styled actions, the Court will hold a pretrial conference in Court with counsel beginning at _____ .m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before   Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. With respect to

the trial of each of the above-styled actions, each side shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

18. <u>Trial</u>. Each of the above-styled actions is scheduled for a ___ day _____ trial beginning at 9:30 a.m., on dates yet to be determined, with the subsequent trial days beginning at 9:00 a.m. Until the respective cases are submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. Each trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE